United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  Case No. 25-12540-pmm
Melissa A. Gruss  Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2 | User: admin | Page 1 of 2
Date Rcvd: Sep 04, 2025 | Form ID: pdf900 | Total Noticed: 4

The following symbols are used throughout this certificate:
**Symbol    Definition**
+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 06, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Melissa A. Gruss, 116 Middle Road, Dublin, PA 18917-2410 |
| cr | + | TruMark Financial Credit Union, Klehr Harrison Harvey Branzburg, LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103-2945 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Sep 05 2025 00:22:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Sep 05 2025 00:22:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 2

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 06, 2025    Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 4, 2025 at the address(es) listed below:**

**Name**    **Email Address**

CHRISTINE C. SHUBERT
    christine.shubert@comcast.net  J100@ecfcbis.com

CORINNE SAMLER BRENNAN

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Sep 04, 2025 | Form ID: pdf900 | Total Noticed: 4 |

on behalf of Creditor TruMark Financial Credit Union cbrennan@klehr.com  scmcginly@klehr.com;nyackle@klehr.com

DIANA M. DIXON
    on behalf of Debtor Melissa A. Gruss dianamdixonesq@gmail.com

MATTHEW K. FISSEL
    on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 5

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:
Melissa A. Gruss,  :  Chapter 7
                   :
                   :  Case No.  25-12540 (PMM)
                   :
                   :
    Debtor.        :

ORDER REGARDING REAFFIRMATION AGREEMENT

**AND NOW, WHEREAS,** Pennymac Loan Services, LLC filed a reaffirmation agreement (the "Reaffirmation Agreement"), doc. # 14, with the Debtor;

**AND**, it appearing that an attorney represented the Debtor during the course of negotiating the Reaffirmation Agreement;

**AND**, the attorney having filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3);

**AND**, the Debtor having acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreement;

**AND**, there being no material difference between the income and expenses disclosed by the Debtors pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J;

**AND**, the Reaffirmation Agreement seeking to reaffirm a mortgage;

It is hereby **ORDERED** that:

1. No hearing on reaffirmation is necessary.  See 11 U.S.C. §§ 524(d) & (m).

1

2. Court approval of the Reaffirmation Agreement is unnecessary. <u>See</u> 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C. §524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

Dated: 9/4/25

*Patricia M. Mayer*

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**