United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-12540-pmm |
| Melissa A. Gruss | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 1 |
| Date Rcvd: Sep 05, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 07, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Melissa A. Gruss, 116 Middle Road, Dublin, PA 18917-2410 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 07, 2025          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 5, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CHRISTINE C. SHUBERT | christine.shubert@comcast.net  J100@ecfcbis.com |
| CORINNE SAMLER BRENNAN | on behalf of Creditor TruMark Financial Credit Union cbrennan@klehr.com  scmcginly@klehr.com;nyackle@klehr.com |
| DIANA M. DIXON | on behalf of Debtor Melissa A. Gruss dianamdixonesq@gmail.com |
| MATTHEW K. FISSEL | on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 5

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                    :        Chapter 7
                                          :
Melissa A. Gruss,                         :        Case No.   25-12540   (PMM)
                                          :
                    Debtor.               :

**ORDER REGARDING REAFFIRMATION AGREEMENT**

**AND NOW** upon consideration of the reaffirmation agreement (doc. # 15, the

"Reaffirmation Agreement") between the Debtor and Trumark Financial Credit Union;

**AND** the Reaffirmation Agreement representing that the creditor is a credit union;

**AND**, the attorney having filed a certification that the Debtor was counseled in

accordance with 11 U.S.C. §524(c)(3);

**AND**, the Debtor having acknowledged in writing receipt of the disclosures described in

11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreement;

**AND**, there being no material difference between the income and expenses disclosed by

the Debtor pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on

Schedules I and J;

**AND**, the parameters of 11 U.S.C. §524(m)(1) not applying to the Reaffirmation

Agreement because the creditor is a credit union, see 11 U.S.C. §524(m)(2);

It is hereby **ORDERED** that:

1. No hearing with regard to the Reaffirmation Agreement is necessary.  See 11

    U.S.C. § 524(d); and

1

2.  Court approval of the Reaffirmation Agreement is unnecessary.  <u>See</u> 11 U.S.C.

§524(c) (not conditioning enforceability of reaffirmation agreement on court

approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of a reaffirmation

agreement only upon certain conditions).

Date: 9/5/25

_____
**PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE**

2